TODD KIM, Assistant Attorney General
SETH M. BARSKY, Section Chief
MEREDITH L. FLAX, Assistant Section Chief
TAYLOR A. MAYHALL, Trial Attorney (MN Bar No. 0400172)
U.S. Department of Justice
Environment and Natural Resources Division
Wildlife and Marine Resources Section
P.O. Box 7611
Washington, D.C. 20044-7611
(202) 598-3796
taylor.mayhall@usdoj.gov

*Attorneys for Defendants*

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**
(San Francisco)

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY, <br><br> Plaintiff, <br><br> v. <br><br> U.S FISH AND WILDLIFE SERVICE, et al., <br><br> Defendants. | Case No. 3:21-cv-06323-RS <br><br> **STIPULATED SETTLEMENT AGREEMENT AND [PROPOSED] ORDER** |

This Stipulated Settlement Agreement ("Agreement") is entered into by and between the Center for Biological Diversity ("Plaintiff") and the United States Fish and Wildlife Service ("FWS"), Martha Williams, in her official capacity as Director of the FWS, and Debra Haaland, in her official capacity as Secretary of the Department of Interior (collectively, "Defendants"), who, by and through their undersigned counsel, state as follows:

STIPULATED SETTLEMENT AGREEMENT & [PROPOSED] ORDER                                1
No. 3:21-cv-06323-RS

WHEREAS, on September 25, 2012, Plaintiff petitioned the FWS to list the Clear Lake hitch (*Lavinia exilicauda chi*) as an endangered or threatened species under the Endangered Species Act ("ESA"), 16 U.S.C. §§ 1531, *et seq.*;

WHEREAS, on April 10, 2015, the FWS issued a finding, in accordance with 16 U.S.C. § 1533(b)(3)(A), that the petition presented substantial evidence that listing the Clear Lake hitch may be warranted. 80 Fed. Reg. 19,259 (Apr. 10, 2015);

WHEREAS, on December 3, 2020, the FWS issued a finding, in accordance with 16 U.S.C. § 1533(b)(3)(B) ("12-month finding"), in which FWS concluded that listing the Clear Lake hitch was not warranted under the ESA. 85 Fed. Reg. 78,029 (Dec. 3, 2020);

WHEREAS, on February 25, 2021, Plaintiff sent Defendants a letter stating its intent to file suit challenging FWS's not warranted 12-month finding for the Clear Lake hitch, pursuant to 16 U.S.C. § 1540(g)(2);

WHEREAS, on August 17, 2021, Plaintiff filed the above-captioned action challenging the not warranted 12-month finding under the ESA and the Administrative Procedure Act ("APA"). ECF No. 1;

WHEREAS, on November 24, 2021, Defendants filed the administrative record pertaining to the not warranted 12-month finding, which it amended on January 20, 2022. ECF Nos. 24, 26;

WHEREAS, on February 4, 2022, Plaintiff filed a motion to supplement the administrative record and a motion for summary judgment. ECF Nos. 27, 28;

WHEREAS, FWS will re-evaluate the conservation status of the Clear Lake hitch and develop a new 12-month finding, in accordance with 16 U.S.C. § 1533(b)(3)(B), as to whether the Clear Lake hitch warrants listing as an endangered or threatened species;

WHEREAS, FWS will issue a "Dear Interested Party" notification letter to various entities, including federal and state agencies, Native American Tribes, non-governmental organizations,

and the scientific community, seeking additional and updated information on topics including juvenile recruitment and water quality and quantity data, to inform FWS's analysis of the status of the Clear Lake hitch;

WHEREAS, the Parties, through their authorized representatives, and without any final adjudication of the issues of fact or law with respect to Plaintiff's claims, have negotiated a settlement that they consider to be a just, fair, adequate, and equitable resolution of the disputes set forth in Plaintiff's Complaint;

WHEREAS, the Parties agree that settlement of this action in this manner is in the public interest and is an appropriate way to resolve Plaintiff's Complaint;

NOW, THEREFORE, the Parties hereby stipulate and agree as follows:

1. On or before January 12, 2025, FWS will submit to the Office of the Federal Register a new 12-month finding as to whether the listing of the Clear Lake hitch as threatened or endangered is (a) not warranted; (b) warranted; or (c) warranted but precluded by other pending proposals, pursuant to the ESA, 16 U.S.C. § 1533(b)(3)(B).

2. The Order entering this Agreement may be modified by the Court upon good cause shown, consistent with the Federal Rules of Civil Procedure, by written stipulation between the Parties filed with and approved by the Court, or upon written motion filed by one of the Parties and granted by the Court. In the event that either Party seeks to modify the terms of this Agreement, including the deadline specified in Paragraph 1, or in the event of a dispute arising out of or relating to this Agreement, or in the event that either Party believes that the other Party has failed to comply with any term or condition of this Agreement, the Party seeking the modification, raising the dispute, or seeking enforcement shall provide the other Party with notice of the claim or modification. The

    Parties agree that they will meet and confer at the earliest possible time in a good-faith effort to resolve the claim before seeking relief from the Court. If the Parties are unable to resolve the claim themselves, either Party may seek relief from the Court.

3. In the event that Defendants fail to meet the deadline in Paragraph 1 and have not sought to modify this Agreement, Plaintiff's first remedy shall be a motion to enforce the terms of this Agreement, after following the dispute resolution procedures described above. This Agreement shall not, in the first instance, be enforceable through a proceeding for contempt of court.

4. Plaintiff reserves the right to request attorneys' fees and costs from Defendants pursuant to section 11(g) of the ESA, 16 U.S.C. § 1540(g), and Defendants reserve their right to contest Plaintiff's entitlement to recover fees and the amount of any such fees and do not waive any objection or defenses that they may have to Plaintiff's request. The parties agree to the following schedule for addressing attorneys' fees and costs:

   a. Within thirty (30) days of the entry of the order by this Court approving this Agreement, Plaintiff will provide to Defendants an itemization of the attorneys' fees and costs it seeks to recover to allow Defendants to assess whether settlement of such claims is possible.

   b. Within sixty (60) days of Defendants' receipt of this itemization of the Plaintiff's proposed fees and costs, the parties will notify the Court whether they have reached a settlement as to the payment of the Plaintiff's attorneys' fees and costs by Defendants.

   c. If the parties have not reached agreement on attorneys' fees and costs at the time they provide this post-receipt notice to the Court, the Plaintiff may move within

thirty (30) days of that date for the Court to award attorneys' fees and costs. Briefing and adjudication of the Plaintiff's motion for attorneys' fees and costs and Defendants' opposition thereto will then proceed as provided in LCvR 7. In the event that Plaintiff files such a motion, Defendants reserve the right to contest any entitlement to and/or the reasonableness of the amount of Plaintiff's claims to attorneys' fees and costs, including the hourly rates and the number of hours billed.

5. The parties agree that Plaintiff reserves the right to seek additional fees and costs incurred subsequent to this Agreement arising from a need to enforce or defend against efforts to modify the underlying schedule outlined in Paragraph 2 or for any other continuation of this action. By this Agreement, Defendants do not waive any right to contest fees claimed by Plaintiff or Plaintiff's counsel, including hourly rates and the number of hours billed, in any future litigation or continuation of the present action. Further, this Agreement as to attorneys' fees and costs has no precedential value and shall not be used as evidence in any other attorneys' fees litigation.

6. This Agreement requires only that Defendants take the actions specified in Paragraph 1. No provision of this Agreement shall be interpreted as, or constitute, a commitment or requirement that Defendants take action in contravention of the ESA, the APA, or any other law or regulation, either substantive or procedural. Nothing in this Agreement shall be construed to limit or modify the discretion accorded to Defendants by the ESA, APA, or general principles of administrative law with respect to the procedures to be followed in making any determination required herein, or as to the substance of any determinations made pursuant to Paragraph 1 of the Agreement. To challenge any final determination

issued pursuant to Paragraph 1, Plaintiff must file a separate action. Defendants reserve the right to raise any applicable claims or defenses to such challenges.

7. No part of this Agreement shall have precedential value in any litigation or in representations before any court or forum or in any public setting. No Party shall use this Agreement or the terms herein as evidence of what does or does not constitute a reasonable timeline for issuing 12-month findings for any petitioned species.

8. Nothing in this Agreement shall be construed or offered as evidence in any proceeding as an admission or concession of any wrongdoing, liability, or any issue of fact or law concerning the claims settled under this Agreement or any similar claims brought in the future by any other party. Except as expressly provided in this Agreement, none of the Parties waives or relinquishes any legal rights, claims, or defenses it may have. This Agreement is executed for the purpose of settling Plaintiff's Complaint, and nothing herein shall be construed as precedent having preclusive effect in any other context.

9. Nothing in this Agreement shall be interpreted as, or shall constitute, a requirement that Defendants are obligated to pay any funds exceeding those available, or take any action in contravention of the Anti-Deficiency Act, 31 U.S.C. § 1341, or any other applicable appropriations law.

10. The Parties agree that this Agreement was negotiated in good faith and that it constitutes a settlement of claims that were disputed by the Parties. By entering into this Agreement, none of the Parties waive any legal rights, claims, or defenses except as expressly stated herein. This Agreement contains all of the terms of agreement between the Parties concerning the Complaint, and is intended to be the final and sole agreement between the Parties with respect thereto. The Parties agree that any prior or contemporaneous

representations or understanding not explicitly contained in this written Agreement, whether written or oral, are of no further legal or equitable force or effect.

11. The undersigned representatives of each Party certify that they are fully authorized by the Party or Parties they represent to agree to the terms and conditions of this Agreement and do hereby agree to the terms herein. Further, each Party, by and through its undersigned representative, represents and warrants that it has the legal power and authority to enter into this Agreement and bind itself to the terms and conditions contained in this Agreement.

12. The terms of this Agreement shall become effective upon entry of an Order by the Court ratifying this Agreement.

13. Upon adoption of this Agreement by the Court, Plaintiff's Complaint shall be dismissed with prejudice. Notwithstanding the dismissal of this action, however, the Parties hereby stipulate and respectfully request that the Court retain jurisdiction to oversee any motion for attorneys' fees and costs, compliance with the terms of this Agreement, and to resolve any motions to modify such terms, until Defendants satisfy their obligations under the Agreement. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375 (1994).

Dated: April 14, 2022                    Respectfully Submitted,

                                         TODD KIM, Assistant Attorney General
                                         SETH M. BARSKY, Section Chief
                                         MEREDITH L. FLAX, Assistant Section Chief

                                         */s/ Taylor A. Mayhall*
                                         TAYLOR A. MAYHALL
                                         Trial Attorney, MN Bar No. 0400172
                                         U.S. Department of Justice
                                         Environment & Natural Resources Division
                                         Wildlife & Marine Resources Section
                                         P.O. Box 7611
                                         Washington, D.C. 20044-7611

Tel: (202) 598-3796
taylor.mayhall@usdoj.gov

*Attorneys for Defendants*

*/s/ Margaret E. Townsend*
Margaret E. Townsend (OR Bar No. 144463)
Center for Biological Diversity
P.O. Box 11374
Portland, OR 97211
Tel: (971) 717-6409
mtownsend@biologicaldiversity.org
*admitted pro hac vice*

Brian Segee (Bar No. 200795)
Center for Biological Diversity
660 S. Figueroa St. Suite 1100
Los Angeles, CA 90017
Tel: (805) 750-8852
bsegee@biologicaldiversity.org

*Attorneys for Plaintiff*

[**PROPOSED**] **ORDER**

The Stipulated Settlement Agreement is approved and all Parties shall comply with its provisions.

**IT IS SO ORDERED.**

Dated: _____, 2022.

>   _____
>   HON. RICHARD SEEBORG
>   Chief U.S. District Court Judge